(R.D. 11252)

UNITED STATES *v.* HETEROCHEMICAL CORP.

Entry No. 455252, etc.

(Decided January 4, 1967)

*Barefoot Sanders,* Assistant Attorney General, for the plaintiff.
*John D. Rode* for the defendant.

LANDIS, Judge: The collector's appeals listed in schedule "A," annexed to this decision and made a part hereof, have been submitted for decision on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the Assistant Attorney General for the United States, plaintiff, and counsel for the defendant, subject to the approval of the Court:

That the merchandise involved in the above-listed appeals consists of Menadione Sodium Bisulfite exported from Holland and Italy in July of 1964.

That the involved merchandise was entered for consumption after the effective date, February 27, 1958, of the Customs Simplification Act of 1956, and is not identified on the Final List published by the Secretary of the Treasury pursuant to said Act.

That the involved merchandise is a benzenoid compound suitable for medicinal use and is derived in whole or in part from a product (methylnaphthalene) listed in Subpart A or B of Part 1 of Schedule 4 of the Tariff Schedules of the United States, and under the provisions of Headnote 4 of Part 1 of Schedule 4 of said Tariff Schedules, dutiable on the basis of the American selling price, as defined in section 402(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, of any similar competitive article manufactured or produced in the United States.

That on or about the dates of exportation of the instant merchandise, the American selling price of a similar competitive article manu-

569

factured or produced in the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the article in condition packed ready for delivery, at which such article was freely sold for domestic consumption in the principal market of the United States in the ordinary course of trade and in the usual wholesale quantities was $16.20 per kilo.

IT IS FURTHER STIPULATED AND AGREED that the above-listed appeals be submitted for decision on the basis of this stipulation.

Accepting this stipulation as a statement of facts, I find and hold that the involved merchandise was entered or withdrawn from warehouse for consumption on or after February 27, 1958, and does not appear on the final list of articles published by the Secretary of the Treasury (T.D. 54521), effective February 27, 1958; that the involved merchandise is provided for in part 1 of schedule 4 of the Tariff Schedules of the United States and, under the provision of headnote 4 thereof, American selling price, as that value is defined in section 402(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for the determination of the value of the involved merchandise, and I find and hold that such statutory value is $16.20 per kilo.